Case 2:09-cv-00233-AKK   Document 145   Filed 03/23/10   Page 1 of 11



FILED
2010 Mar-23  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LONG-LEWIS STERLING WESTERN STAR OF BESSEMER and LONG-LEWIS STERLING WESTERN STAR OF HUNTSVILLE,** ) ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action Number **2:09-cv-233-AKK** |
| vs. ) ) | |
| **STERLING TRUCK CORPORATION and DAIMLER TRUCKS NORTH AMERICA, LLC,** ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before this court is Defendants' Partial Motion to Dismiss Second Amended Complaint. Doc. 26. For the reasons stated below, the court denies Defendants' motion as it relates to Counts I, II, III, IV, and V, and grants the motion to dismiss on the conspiracy claim, Count VI.

### I. BACKGROUND

Long-Lewis Sterling of Western Star of Bessemer and Long-Lewis Sterling Western Star of Huntsville (collectively "Plaintiffs") originally filed this action on

January 8, 2009, against Defendants Sterling Truck Corporation ("Sterling") and Daimler Trucks North America, LLC ("DTNA"), in the Circuit Court of Jefferson County.  Doc. 1 at 20.  Plaintiffs alleged that Defendants violated §§ 8-20-4 (Count I) and 8-20-5 (Count II) of the Alabama Motor Vehicle Franchise Act ("AMVFA").  Doc. 1 at 32-33.

On January 5, 2009, Defendants removed the case to this court, pursuant to 29 U.S.C. §§ 1332, 1141, and 1446.  Plaintiffs filed a second amended complaint ("SAC") on May 18, 2009, asserting additional causes of action, specifically, violations of the Automobile Dealers' Franchise Act, 15 U.S.C. § 1221, *et seq.*, (Count III), breach of contract (Count IV), suppression (Count V), and  conspiracy (Count VI).  Doc. 25 at 18-22.

A.   *Defendants' Partial Motion to Dismiss should not be converted to a motion for summary judgment.*

On June 3, 2009, Defendants filed a Partial Motion to Dismiss Second Amended Complaint ("Partial Motion to Dismiss"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 26.  Attached to Defendants' supporting brief, are (1) an Order from the State of Florida, Division of Administrative Hearings, (2) a declaration from Monte Mehring authenticating the attached exhibits, (3) various communications between Plaintiffs and Defendants

regarding their decision to cease manufacturing Sterling trucks, and (4) the Sales and Service Agreement ("SSA") the parties executed. Docs. 27-1, 28 Exs. A-D. Defendants contend that the court can consider the documents without turning its Partial Motion to Dismiss into a motion for summary judgment because "Plaintiffs' claims refer to and grow out of" these documents. Doc. 27 at 2 n.2 (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Plaintiffs disagree and contend that the court should convert the motion to a Rule 56 motion for summary judgment since Defendants rely on information outside of the pleadings. Doc. 38 at 2 n.1.

Defendants filed its reply on June 29, 2009, (doc. 39), and subsequently filed a Notice of Supplemental Authority ("Defendants' Notice") informing the court of a final judgment in a case before Florida's Division of Administrative Hearings. Doc. 42. Plaintiffs responded to Defendants Notice by filing a sealed response and supporting evidentiary materials ("Plaintiffs' Response"). Docs. 45, 46, 50. Plaintiffs' Response contained argument and evidentiary materials buttressing the assertions presented in their initial response. Specifically, Plaintiffs' Response included argument citing to the deposition testimonies of Monte Mehring, Director of Dealer Operations for DTNA, and Martin Osborne, General Manager of Dealer Operations for DTNA. Doc. 46.

Defendants then filed a Motion to Strike Plaintiffs' Response, arguing that Plaintiffs' Response and the evidentiary submissions were improper under Rule 12 of the Federal Rules of Civil Procedure. Doc. 47.

A court can consider material attached to a motion to dismiss without converting it to a motion for summary judgment if the attached document is (1) central to the plaintiff's claim, and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). A document is central if it is a "necessary part of [Plaintiff's] effort to make out a claim." *See Day*, 400 F.3d at 1276. "Undisputed" means the document's authenticity is not challenged. *Horsley*, 304 F.3d at 1134 (citations omitted).

It is clear that these documents are central to Plaintiffs' claims because Plaintiffs repeatedly reference them in their Second Amended Complaint. Further, the documents are undisputed; indeed Plaintiffs attached several of them to their initial response and did not object to their authenticity. *See* Doc. 38. Therefore, this court finds that the communications between the parties and the SSA attached to Defendants' Partial Motion to Dismiss, (doc. 28, exs. A-D),[1] are central to

---

[1] The Florida Administrative ruling (doc. 27-1), is not central to Plaintiffs' claims, and therefore is not incorporated by reference. Moreover, that ruling is not binding or persuasive authority, and has no bearing on the court's findings. *See U.S. For Use of JB Systems/Atlanta v.*

Plaintiffs' claims and are undisputed. As such, this court can consider them without converting the Partial Motion to Dismiss into a motion for summary judgment.

This court finds, however, that Plaintiffs' Response (docs. 45, 46, and 50) is due to be stricken. A second response from the non-moving party is not allowed without leave of court. Moreover, the evidentiary submissions attached to Plaintiffs' Response are well outside the scope of the pleadings, and thus improper under Rule 12. The court, therefore, did not consider Plaintiffs' Response in issuing this ruling.

## II.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

*Fed. Ins. Co.*, 8 F. Supp. 2d 1320, 1321 (M.D. Ala. 1998); *see also* 927 F.2d 259 (D.C. Cir. 1991).

defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  *See also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true.  *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *Iqbal*, 129 S. Ct. at 1950.

### III.  ANALYSIS

The court has reviewed the counts of the Second Amended Complaint Defendants challenge.  Except for the conspiracy claim, the court finds that the Second Amended Complaint "contain[s] sufficient factual matter, [that] accepted as true, . . . state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  Moreover, the complaint satisfies the Eleventh Circuit's requirement that "defendants remain entitled to know exactly what claims are being brought against them." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 2009 WL 4366031, at *5 (11th Cir. Dec. 3, 2009) (citation omitted).

    *A.*    *Plaintiffs have stated a claim under the Alabama Motor Vehicle Franchise Act, §§ 8-20-4 and 8-20-5 (Counts I and II).*

As it relates to Ala. Code § 8-20-4, Plaintiffs allege that (1) as recent as two years ago and at the urging of Defendants, they invested in "significant capital improvements" to their facilities, and incurred costs for hiring, marketing, and advertising, doc. 25 ¶ 14; (2) Defendants "forced" them to purchase the same volume of 2008 vehicles in order to purchase certain 2007 vehicles, *Id.* ¶¶ 15, 32; (3) Defendants treated them differently than other dealerships regarding vehicle allocation, *Id.* ¶¶ 16, 32; (4) these actions amount to a termination, cancellation, or modification of the franchise agreement without good cause, *Id.* ¶ 33; and (5) Defendants tried to coerce them to participate in the Transition Bonus Plan and to release Defendants from claims and damages. *Id.* ¶ 32. Accepting these facts as true, Plaintiffs' arguments are sufficient to allege a cause of action pursuant to § 8-20-4.

Likewise, Plaintiffs have sufficiently alleged facts to support a claim under § 8-20-5, which outlines the limitations on cancellations, modifications, terminations, and non-renewals of the franchise agreement. Plaintiffs allege that Defendants' efforts to cancel, terminate, and/or modify their franchise agreement "have been in bad faith . . . ." Based on the allegations of coercion and unfair

trade practices, (doc. 25 at ¶¶ 14, 15, 20, 22, 32, 35, 38, 40, 42, 47), as well as facts asserted, *supra*, Plaintiffs' allegations are sufficient to survive a motion to dismiss.

B.  *Plaintiffs have also stated a sufficient claim under the Automobile Dealers' Franchise Act ("Dealers' Act") 15 U.S.C. § 1221 et seq. (Count III).*

To prevail under The Dealers' Act, a dealer must show that a manufacturer failed to act in good faith in executing, terminating, cancelling, or not renewing a franchise. 15 U.S.C. § 1222. Further, The Dealers' Act defines good faith as "the duty of each party to any franchise . . . to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party." 15 U.S.C. § 1222(e) (1976). Accordingly, a viable claim under The Dealers' Act requires coercion and intimidation. *See Bob Maxfield, Inc. v. Amer. Motors Corp.*, 637 F.2d 1033, 1038 (11th Cir. 1981). The facts Plaintiffs alleged, as discussed in subsection "A.", *supra*, if taken as true, are sufficient to satisfy the *Iqbal* pleading standard for a claim under The Dealers' Act.

C.  *Plaintiffs have also stated a cause of action under breach of contract (Count IV).*

Plaintiffs contend that they have complied with the terms of the SSA, and that Defendants' conduct is an affirmative and/or constructive breach of the terms

and provisions of the SSA. Doc. 25 ¶¶ 11, 43. Specifically, Plaintiffs allege that participation in the Transition Bonus Program would require them to release Defendants from certain claims and damages required by the SSA. *Id.* ¶ 41. Plaintiffs further allege that Defendants have terminated, cancelled, and/or modified the SSA without good cause. *Id.* ¶ 32. Taking all facts as true, Plaintiffs have alleged sufficient facts to satisfy the *Iqbal* pleading standards for a breach of contract claim.

D.   *Plaintiffs sufficiently alleged a cause of action for suppression (Count V).*

Plaintiffs allege that (1) Defendants had a duty to timely disclose their decision to discontinue the Sterling Truck line to avoid causing Plaintiffs damage and that Defendants suppressed this fact initially, Doc. 25 ¶¶ 45 and 47; (2) they relied on Defendants' representation that it would continue to manufacture the Sterling brand when they improved and expanded their dealerships, *Id.* ¶¶ 13-14; and (3) they have "suffered damages as a direct result of Defendants' failure to disclose this information in a timely manner." *Id.* ¶ 47. Taking all facts as true, Plaintiffs have alleged enough facts to satisfy the *Iqbal* pleading standards for a suppression claim.


E.   *Plaintiffs' conspiracy claim is due to be dismissed.*

Count VI alleges that Defendants conspired, by way of coercion and threats, to terminate the parties' franchise agreement. Doc. 25 ¶ 49. Defendants contend that Plaintiffs fail to establish the existence of a conspiracy, in part, because a corporation and its subsidiaries are not separate entities and, thus, a conspiracy cannot exist solely between such entities. Doc. 27 at 15-18. Plaintiffs failed to rebut Defendants' contention. *See* Doc. 38. Accordingly, Plaintiffs conceded this issue. *See, e.g., Brewer v. Purvis*, 816 F.Supp. 1560, 1579 (M.D. Ga. 1993) ("Summary judgment is appropriate since plaintiff failed to respond to . . . [defendant's] argument on this issue."); *see also Smith v. Weeks*, 2002 WL 31750203, *4 ("Ordinarily, when a party against whom a motion to dismiss is filed does not respond to the motion, there is a presumption that the non-moving party acquiesces in the factual allegations of the moving party's motion."). Defendants' Partial Motion to Dismiss the conspiracy claim is therefore granted.

## IV.  CONCLUSION

For these reasons, Defendants' Partial Motion to Dismiss, (doc. 26), is DENIED in part, and GRANTED in part. Further, Defendants' Motion to Strike Plaintiffs' Response to Defendants' Notice of Supplemental Authority and Evidentiary Submission, (doc. 47), is also GRANTED; Documents 45, 46 (sealed),

and 50 (sealed) are STRICKEN.

Done the 23rd day of March, 2010.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE